Robert S. Wolf (N.Y. 1874247)
MOSES & SINGER, LLP
The Chrysler Building
405 Lexington Ave.
New York, N.Y. 10174-1299
(212) 554-7800

Jon D. Williams (8318)
9 Exchange Place
Suite 600
SLC, Utah 84111
(801) 746-1460

*Attorneys for Leonid Isaakovich Teyf*

### IN THE UNITED STATES DISTRICT COURT

### DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>$468,252.34 from American First Credit Union account ending in ***228-6. 7; and Other Assets Described in Attachment A,<br><br>Defendants *in Rem*. | **MOTION TO STAY CIVIL FORFEITURE PROCEEDING ON BEHALF OF LEONID I. TEYF**<br><br>Case No. 2:20-CV-00226<br><br>Judge Dale A. Kimball<br>Magistrate Judge Jared C. Bennett |

Leonid I. Teyf, through counsel, Robert S. Wolf and Jon D. Williams, respectfully requests that this Court stay the above-pending civil forfeiture proceeding, pursuant to 18 USC §981 (g)(2)(A-C). Furthermore, Mr. Teyf seeks this Court to stay the proceedings before he is required to comply with Supplement Rule G(5), by filing a formal claim to the property seized this case. Movant and co-defendant Tsipelzon's similar motion was granted by the Court without opposition.

18 USC §981(g)(2)(A-C) states that "upon the motion of a claimant, the court shall stay the civil forfeiture proceeding with respect to that claimant if the court determines that - (A) the claimant is the subject of a related criminal investigation or case, (B) the claimant has standing to assert a claim in the civil forfeiture proceeding; and (C) continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case."

Mr. Teyf is a named "involved person" in the civil forfeiture proceeding. He is also the subject of a related criminal case. Mr. Teyf was indicted on "related charges" directly associated with this civil forfeiture action (See Case No. 2:19-cr00394-DB). The United States, in its verified complaint for forfeiture identifies Mr. Teyf as a partner of SLTG FedEx Division. (Paragraph 29). The United States also claims Mr. Teyf received criminal proceeds from "Deposit Accounts" into their personal accounts. (Paragraph 56).

The United States seized the proceeds from multiple bank accounts listed in the Complaint (Paragraph 9). One account was in Mr. Teyf's Name (America First Credit Union account ending in ***077-7.9). The United States claims that the funds seized were illegally obtained and transferred, and therefore, subject to forfeiture. Based on the allegations set forth in the complaint, Mr. Teyf would have clear standing, given that all the proceeds seized in this civil complaint all came from the Teyf's deposit accounts. (Paragraph 56, 60).

If this civil forfeiture proceeding were to continue, Mr. Teyf's right against self-incrimination would clearly be burdened. As an indicted criminal defendant, on charges directly tied to this civil forfeiture proceeding, Mr. Teyf would be compelled to choose between exercising his rights against self-incrimination in his criminal case, or forego those rights to meaningfully assert a claim and contest forfeiture.

Furthermore, if Mr. Teyf is even required to assert a formal claim, pursuant to Supplement

Rule G(5), to the property in this case, he would be compelled to violate his Fifth Amendment Right against self-incrimination. The United States alleged that all the funds in this account are subject to seizure as proceeds of illegal activity. If Mr. Teyf, however was forced to even make a claim to the forfeited proceeds he would be doing so in violation of his right against providing potentially incriminating statements or admissions.

In *U.S. v. Becker* (Fed. D. Kansas 2011), that court dealt with whether to stay forfeiture in a civil proceeding without the party having filed a claim, to the forfeited property, required by Supplement Rule G(5). There, the court held that "While the government is correct that defendant has not filed a petition asserting a third-party interest, the entire premise of her motion to continue is that to submit that petition would require her to incriminate herself." (2011 WL 8326743 Only the Westlaw citation is currently available). The court further stated that "[t]he government's suggestion that defendant lacks standing to assert her interest in the forfeiture of property that the government also seeks to forfeit her interest in, is disingenuous. Presumably, if this defendant was convicted tomorrow, before the forfeiture proceedings involving Scott Becker concluded, the government would be seeking to forfeit Brenda Becker's interest in the same property." Id. "In view of this dilemma, appellate courts have held that upon a timely motion by the claimant, district courts should make special efforts to "accommodate both the constitutional [privilege] against self-incrimination as well as the legislative intent behind the forfeiture provision." Id. citing, *United States v. United States Currency*, 626 F. 2d 11, 15 (6th Cir.).

The court held that a stay was appropriate in the matter when balancing the Fifth Amendment Rights against the rights of the government. Id. Here, the United States is aware of the fact that Mr. Teyf is the subject of a criminal indictment directly linked to this civil proceeding. Further, the government argues in its civil complaint that the property sought to be seized came

3

from the deposits from criminal activity. Continuation of the forfeiture proceeding will burden the right of Mr. Teyf against self-incrimination in the related criminal case. Conclusion

Mr. Teyf is entitled to a stay of this civil asset forfeiture proceeding while his criminal charges are still pending. To require even a formal claim in the forfeiture case would compel Mr. Teyf to formally provide admissions that would be in violation of his Fifth Amendment Right against self-incrimination. This court should, therefore, stay the civil asset forfeiture proceeding.

DATED this 10th day of June, 2020.

                              MOSES & SINGER

                              /s/ *Robert S. Wolf*
                              Robert S. Wolf
                              Jon D. Williams
                              *Attorneys for Leonid I. Teyf*

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of June, 2020, I electronically filed the foregoing **MOTION TO STAY** with the Clerk of the Court using the CM/ECF electronic filing system which sent notification of such filing to the following:

>John W. Huber, US Attorney
>Cy Castle, Assistant US Attorney
>Mark Woolf, Assistant US Attorney
>UNITED STATES ATTORNEYS OFFICE
>111 South Main Street, Ste. 1800
>Salt Lake City, UT  84111
>kevin.sundwall@usdoj.gov
>jamie.thomas@usdoj.gov
>  *Attorneys for Plaintiff United States*
>
>Walter F. Bugden
>BUGDEN & ISAACSON LLC
>445 East 200 South, Ste. 150
>Salt Lake City, UT 84111
>  *Attorney for Felix Tsiplezon*
>
>Nathan A. Crane
>SNOW, CHRISTENSEN & MARTINEAU
>10 Exchange Place, 11th Floor
>Salt Lake City, Utah 84111

>>/s/ Jon D. Williams